IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BERRY RUSSELL,

      Plaintiff,

vs.                                                     4:05CV55-MMP/AK

JAMES V. CROSBY, et al,

      Defendants .

_____/

**O R D E R**

This cause is before the Court on Notice of Removal by the Defendants. (Doc. 1). Plaintiff brings this cause under 42 U.S.C. § 1983 complaining that he was denied an alternative food menu, although the precise nature of his claims is unclear. Further, local court rules provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff must, therefore, submit an "amended complaint," clearly designated as such, on court forms which will be provided to him by the Clerk of Court.

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. It appears from the attached grievances that Plaintiff attempted to choose an alternative menu and was advised that he must commit to this choice for at least thirty days. It is unclear what he complains about or what actually transpired. Plaintiff will need to fully explain what his complaints are in the amended complaint before the Court can properly address them. Plaintiff is advised however that the alleged deficiency of prison food does not rise to the level of a constitutional violation. Freeman v. Trudell, 497 F.Supp. 481 (E.D. Mich. 1980). The Constitution only requires that prisoners be provided reasonably adequate food. Hamm v. Dekalb County, 774 F.2d 1567, 1571 (11th Cir. 1985) citing Jones v. Diamond, 636 F.2d 1364, 1378 (5th Cir. 1981); Newman v. Alabama, 559 F.2d 283, 286 (5th Cir. 1977). Inmates are not entitled to a prison menu of their choice. See, Tunnel v. Robinson, 486 F.Supp. 1265, 1269 (W.D. Penn. 1980). A well-balanced meal containing sufficient nutritional value to preserve health is all that is required. Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977). Thus, if the gist of Plaintiff's complaint is that he did not get the menu of his choice he should consider dismissing his complaint since he has failed to state a claim for relief.

Further, Plaintiff has named a number of defendants, but failed to specifically address what he claims each of them did with regard to his complaints. If he is suing James Crosby because he is Secretary of the Florida Department of Corrections, he is not a proper defendant because liability for damages cannot be imposed upon him merely because of his supervisory authority as Secretary of the

Florida Department of Corrections.  Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Although personal participation is not specifically required for liability under § l983, there must be some causal connection between the defendant named and the injury allegedly sustained. Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

Other named defendants appear to be involved in the events complained of because they addressed Plaintiff's grievances.  Merely signing a grievance does not create liability where the signer had no personal involvement in the alleged violations. Manney v. Moore, 151 F.Supp. 2d 976 (N.D. Ill. 2001).

Finally, Plaintiff has alleged without any specific facts that he suffered injuries as a result of the Defendants' actions.  Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be

available.[1]  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Nominal damages may still be recovered even though there are no compensable damages.  Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.  If Plaintiff has no injury resulting from the food he received he should dismiss this action.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*,

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **July 22, 2005.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **28th** day of June, 2005.

                                                  **s/ A. KORNBLUM**

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**